GRAND CHUTE v. WINEGAR.

[IN EQUITY.]

A municipal corporation, obligors in a bond, cannot ask relief in equity that the obligee be enjoined from proceeding at law, and that the bond be surrendered, when his bill alleges that the bond was issued without authority, in violation of law and in fraud of the town; that the obligee

---

\* 1 Wallace, 175.                          † Id. 384.

knew this when he took it; that the obligee's possession is merely color-able, and that he gave no value for it, and never had any right or title to the bond. Such allegations show a complete defence to the bond at law; and a judgment against the obligee at law would give as full pro-tection every way to the obligor as a decree in equity.

APPEAL from the Circuit Court for the Eastern District of Wisconsin.

The town of Grand Chute, in Wisconsin, filed its bill on the equity side of the court below against one Winegar; three other persons, Goodwin, Hewett, and Conkey, being also made defendants. It set forth that Winegar had brought suit on the law side of the same court against the town to recover from it the amount of certain bonds—nine in number, and for the sum of $8500 in all—purporting to have been issued by the said town; that the bonds were issued without authority, in violation of law, and in fraud of the town, by the other defendants, Goodwin, Hewett, and Conkey; that for reasons set forth in the bill the bonds had no legal force or validity; that the transfer of them to Winegar was colorable merely; that he paid no valuable consideration on the pretended purchase; that though he had given his notes for them, he was a bankrupt and alto-gether "irresponsible in a financial point of view;" that he knew all the facts in relation to the issue, and that he never had any right or title to the said pretended bonds, or to any of them. It was further alleged that Winegar was a citizen of the State of New York, and that the other defendants were citizens of Wisconsin. The bill prayed that an in-junction might be issued restraining Winegar and his con-federates from the further prosecution of suit on the bonds, and that the bonds themselves might be adjudged to be fraudulent and void, and be decreed to be cancelled. To this bill the defendants demurred. The demurrer was sus-tained in the court below, and the complainant now ap-pealed to this court.

*Mr. G. W. Lakin, for the appellant; Mr. H. L. Palmer,* contra.

Mr. Justice HUNT delivered the opinion of the court.

The inquiry at once suggests itself upon reading the bill in this case, why does the plaintiff file it? Can any relief be had in this suit which could not be obtained in the suit sought to be enjoined? It is an elementary principle of equity law that, when full and adequate relief can be obtained in a suit at law, a suit in equity cannot be maintained. In *Hipp* v. *Babin** the court say: "The bill in this case is in substance and legal effect an ejectment bill. The title appears by the bill to be merely legal, the evidence to support it appears from documents accessible to either party, and no particular circumstances are stated showing the necessity of the court's interfering, either for preventing suits or other vexation, or for preventing an injustice irremediable at law. In *Welby* v. *Duke of Rutland*,† it is stated that the general practice of courts of equity in not entertaining suits for establishing legal titles, is founded upon clear reasons, and the departing from that practice where there is no necessity for so doing, would be subversive of the legal and constitutional distinctions between the different jurisdictions of law and equity. . . . . Agreeably hereto, the established and universal practice of courts of equity is to dismiss the plaintiff's bill if it appears to be grounded on a title merely legal, and not cognizable by them, notwithstanding the defendant has answered the bill and insisted on matter of title." After citing numerous other authorities, the matter is thus summed up: "And the result of the argument is, that whenever a court of law is competent to take cognizance of a right and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury." The right to a trial by jury is a great constitutional right, and it is only in exceptional cases and for specified causes that a party may be deprived of it. It is in vindication of this great principle, and as declaratory of the

---

* 19 Howard, 271.    † 2 Brown's Parliamentary Cases, 42,

common law, that the Judiciary Act of 1789, in its sixteenth section, declares "that suits in equity shall not be sustained in either of the courts of the United States in any case where adequate and complete remedy may be had at law."*

A demurrer having been interposed to the present bill, all of its allegations are to be taken as true. This is so both in favor of the plaintiff and against him. It seems quite clear upon the statements of the bill that the defence to the suit at law upon the bonds is adequate and complete. Thus, the bonds, it is alleged, were issued without authority and in fraudulent violation of the duty of those having the subject in charge. It is not suggested that there is any difficulty, either legal or practical, in establishing these facts by competent proof. If proven, they furnish as complete a defence to the suit at law to recover the amount of the bonds as they do in equity. In each suit the question arises, were they received by Winegar before their maturity, without knowledge of the defence, and for a valuable consideration by him paid on the purchase thereof? To cut off the defence, interposed by the town, all of these facts must exist. The absence of any of them destroys the endeavor to exclude the defence. In other words, if Winegar received the bonds after their maturity, or if he had knowledge of the facts constituting the defence to them, or if he did not pay value on their purchase, the defence is admissible and its effect distinctly presented. Now, upon the allegations of the bill, each and all of these facts, except that of the maturity of the bonds, is averred to have existed. The time when Winegar received the bonds is not definitely stated. It is alleged, however, that he knew the alleged facts in regard to their issue before he received them. This alone opens the case to any defence. It is alleged again that he paid no consideration whatever on the purchase, but that his title is sham and colorable. This again opens the whole case. Upon the statements of the bill the defence to the bonds can be interposed against Winegar, as it could be against an original

---

* 1 Stat. at Large, p. 82.

holder; and if the allegations are true, and constitute a defence, the defence at law to the suit brought by him is perfect and complete.

A judgment against Winegar in the suit brought by him would be as conclusive upon the invalidity of the bonds, would as effectually prevent all future vexatious litigation, would expose the fraud, and prevent future deception as perfectly and thoroughly as would a judgment in the equity suit. Under such circumstances, there is no authority for bringing this suit in equity.

We are so well satisfied that the bill cannot be sustained for the reason stated, that we do not discuss the further question, whether a bill of this character can be sustained, where two of the defendants in the suit are residents of the same State with the plaintiff.

DECREE AFFIRMED.