DREXEL and others *v.* BERNEY.

*(Circuit Court, S. D. New York.* May 30, 1883.)

1. EQUITY—REMEDY AT LAW—ENJOINING ACTION AT LAW.
    Where the facts relied upon by complainants in their bill to enjoin a proceeding at law can be availed of as fully and effectually as a defense in the suit at law as they could upon the equity side of the court, the bill will be dismissed.

2. SAME—ESTOPPEL IN PAIS AS DEFENSE.
    The doctrine of equitable estoppel, or estoppel *in pais*, is now enforced as liberally in courts of law as in courts of equity.

3. SAME—PRAYER FOR RELIEF.
    Complainants cannot, by the frame of their prayer for relief, preclude the court from treating their bill as one to stay an action at law, in which they can fully avail themselves of the facts as a defense.

Demurrer to Amended Bill.

*Tracy, Olmstead & Tracy,* for plaintiffs.

*Lord, Day & Lord,* for defendant.

WALLACE, J.    The defendant has demurred to the amended bill of the complainants.    The prayer of the bill is that the letters testamentary upon the will of Robert Berney, granted by the surrogate of the city and county of New York to the defendant, be declared fraudulent and void as against the complainants, and that the defendant may be enjoined from using the same in support of the pending action at law brought by defendant against the complainants.

So far as appears by the bill, the only interest of the complainant in the question of the validity of the testamentary letters granted to the defendant is that which arises by reason of their purchase on the twenty-second day of June, 1875, of certain bonds of one St. James, which bonds the present defendant now insists, in the action at law, were wrongfully converted by the complainants, inasmuch as the bonds were the property of the estate of the testator, Robert Berney, and were unlawfully transferred by St. James to the complainants. St. James claimed the right to dispose of the bonds by virtue of a power of attorney executed to him by one James Berney, to whom letters testamentary had been theretofore issued, upon the probate of the will of the testator by the court of probate of the county of Montgomery, in the state of Alabama.    The complainants allege that the will was properly probated in Alabama by the court of probate of Montgomery county, that county being the place of domicile of the testator at the time of his death, and that the letters testamentary issued by that court to James Berney, February 8, 1875, were valid.

The bill is framed upon the theory that the defendant fraudulently suppressed the fact of such probate from the knowledge of the surrogate of the city and county of New York, although she was a party to the proceeding; and that by reason of various acts on her part she is equitably estopped from impeaching or disputing the validity of the letters testamentary granted to James Berney by the Alabama court. Without attempting a minute analysis of the allegations of the bill, it suffices to state that the facts and circumstances relied upon are claimed to be such that if she is not estopped in her representative character, yet they bind the estate, because she personally and all the other beneficiaries were cognizant of them, and accepted distribution under the Alabama probate. It is obvious that if the Alabama probate was valid, or, if not valid, if it has been so recognized by all the parties in interest that they should not be permitted to deny its validity, the complainant's title to the bonds cannot be successfully assailed; and they have no further interest in the question of the validity of the letters testamentary granted to defendant by the surrogate of the city and county of New York, and no other standing upon which to assail these letters. Their only interest, therefore, in the controversy is to defeat the pending action at law, and it is not necessary to enable them to obtain complete justice that the letters testamentary be adjudged void. If they can be protected in that action they have no occasion to resort to an independent suit. Notwithstanding the prayer for more extensive relief, their bill should be treated as one to stay an action at law; for such, in substance, it really is. They should not be permitted to set up a man of straw in order to thrust him down, when an occasion and a forum have already been selected for the real struggle.

As was said in the opinion of the court in *Grand Chute* v. *Winegar*, 15 Wall. 373, where a bill was filed against Winegar to restrain a suit at law brought by him, and to adjudge certain bonds to be canceled as fraudulent and void, "a judgment against Winegar in the suit brought by him would be as conclusive upon the invalidity of the bonds, would as effectually prevent all further vexatious litigation, would expose the fraud and prevent further deception, as perfectly and thoroughly as would a judgment in the equity suit. Under such circumstances there is no authority for bringing this suit in equity."

The complainants can avail themselves as fully and effectually in the suit at law of the facts upon which they now seek to stay the prosecution of the suit, as they could upon the equity side of the court. The doctrine of equitable estoppel or estoppel *in pais* is now enforced

as liberally in courts of law as in courts of equity. "Whatever may be the wisdom of the change which has broken down the barriers by which the doctrine of equitable estoppel was formerly excluded from legal tribunals, it has now gone too far to be arrested or confined within any limits less than the whole field of jurisprudence." 1 Smith, Lead. Cas. note, 651. The supreme court, through Mr. Justice SWAYNE, in *Dickerson* v. *Colgrove*, 100 U. S. 578–584, reach the same conclusion.

The demurrer is sustained upon the ground that the complainants cannot, by the frame of their prayer for relief, preclude the court from treating the bill as one to stay an action at law, in which they can fully avail themselves of the facts as a defense. In such a case it is not the duty of the court to examine the substantial merits of the bill.