HIS IMPERIAL MAJESTY, THE SULTAN OF THE OTTOMAN EMPIRE, *v.* PROV-
IDENCE TOOL CO. and others.

*(Circuit Court, E. D. New York.   August 22, 1883.)*

EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW—REV. ST. § 723.
   A bill in equity that asserts that plaintiff is entitled to certain property in
the possession of the defendant, and prays that it be delivered up, and that de-
fendant may be decreed to specifically perform his contract to deliver it, and
may be enjoined from setting up any claim to it, and that if he has any lien
thereon redemption may be allowed therefrom, does not state a case within
the equity jurisdiction of a United States circuit court, as plaintiff has an ade-
quate remedy at law by the action of replevin.

In Equity.
*Evarts, Southmayd & Choate,* for complainant.
*Butler, Stillman & Hubbard* and *B. F. Thurston,* for defendants.
   BLATCHFORD, J.   The bill in this case is founded wholly on an as-
sertion of the legal title of the plaintiff to the rifles and equipments
in question.   Its prayer is for a decree that the plaintiff has the title
to such property and the right to its possession, and that the defend-
ants have no title to it, or valid lien on it, or right to retain it, and
that it be delivered over by the defendants to the plaintiff.   A claim
of such a character is, in the courts of the United States, under the
distinction maintained by the constitution of the United States be-
tween law and equity, and enforced by section 723 of the Revised
Statutes of the United States, the subject of a suit at law, and a
plain, adequate, and complete remedy is afforded by an action of re-
plevin.   This principle is established by numerous cases.   *Grand
Chute* v. *Winegar,* 15 Wall. 373; *Root* v. *Railway Co.* 105 U. S. 189,
212.
   The bill prays that the tool company be compelled to specifically
perform its undertakings with the plaintiff, and that the defendants
be restrained by injunction from setting up any right or title to, or
lien on, the property.   But these prayers do not change the attitude
of the case.   The tool company agreed to make the articles and de-
liver them to the plaintiff.   The plaintiff alleges that the articles
have been made and paid for, and that the title to them has passed
to the plaintiff.   The case is one of the enforcement of the legal title
to chattels in existence, and has no different legal aspect from what
it would have had if the chattels had not been made under a con-
tract, but had come otherwise into the possession of the tool company
from that of the plaintiff.   As to the injunction, that might be asked
for in every case of the assertion of a legal title to property by a
plaintiff, and thus every case of the kind be made one of equitable
cognizance.   The bill is not one recognizing a lien and asking to re-
deem from it.   It asserts title and denies any lien, and prays for a
delivery of the property.   Then it has a second and alternative prayer,

that, as to any of the property on which there is a lien, redemption therefrom be allowed.    But the suit is still a replevin suit in the guise of a suit in equity.

The foregoing considerations proceed wholly on the view that the articles are in existence, and have been paid for and belong to the plaintiff; that he makes no claim for damages for the value of the articles; and that damages would not give him what he is entitled to. If he could be compensated in damages, trover would be a plain, adequate, and complete remedy.    It may be that, in the course of a replevin suit, if one be brought, a case for equitable interposition may arise.    But one does not now exist.    The application for an injunction is denied, and the restraining order of November 3, 1882, is vacated.