(February 8, 1886.)

## AVELINE v. RIDENBAUGH.

[9 Pac. 601.]

EQUITY—INJUNCTION—LESSOR AND LESSEE.—Equity will not aid one in maintaining an interest in leased premises, acquired by him with full knowledge, contrary to the express covenants of the lease against his lessor.

(Syllabus by. the court.)

APPEAL from District Court, Ada County. Reversed.

Huston & Gray, for Appellant.

"When the facts show clearly that the rights involved in the controversy and the remedies demanded are purely legal, and

completely within the scope of ordinary legal proceedings, the court of equity will itself take the objection at any stage of the cause, and will dismiss the suit, although no objection has in any way been raised by the parties." (1 Pomeroy's Equity Jurisprudence, 114, 115; *Hipp v. Babin,* 19 How. 57, 271, 278; *Parker v. Winnipissogee Co.,* 2 Black, 545, 550, 551; *Earl of Oxford's Case,* 2 Lead. Cas. in Eq., 1291, and note.) "When it is apparent on the face of the bill that a court of chancery has no jurisdiction of the subject matter of the cause, and that the party aggrieved has an adequate remedy at law, the bill is obnoxious to a demurrer." (1 High on Injunctions, sec. 28; *Winkler v. Winkler,* 40 Ill. 179.)

Wood & Wilson, for Respondent.

If the injury is irreparable equity will interpose. (Hilliard on Injunctions, 2 et seq.; 3 Wait's Actions and Defenses, 783–785; *Wilson v. City of Mineral Point,* 39 Wis. 160; *West Point Iron Co. v. Reymert,* 45 N. Y. 703.) "The remedy at law must be as practical and efficient to the ends of justice and its prompt administration as the remedy in equity, to take away the plaintiff's right to the latter." (*Bunce v. Gallagher,* 5 Blatchf. 481, Fed. Cas. No. 2133; *Morris v. Thomas,* 17 Ill. 112.) "When sufficient facts are not affirmatively averred to invest court of equity with jurisdiction to grant the relief specifically asked, it is the chancellor's duty to examine the allegations contained in the bill, to see if from them he would be entitled to grant other and further redress, under the prayer for general relief." (*Rutherford v. Jones,* 14 Ga. 521, 60 Am. Dec. 655; Story's Equity Pleadings, p. 36, sec. 40; Story's Equity Pleadings, p. 459, sec. 528.)

BUCK, J.—On the sixth day of November, 1885, the defendant, Ridenbaugh, leased to one Sing Lee Tong certain real estate, by an indenture in writing, for the term of one year. Upon said premises said Lee Tong had at the time said lease was executed and delivered, and for some time prior thereto had had thereon, about two thousand cords of wood, placed there with the consent of defendant.

The lease contained two covenants of importance in this action, as follows: "1. And the said party of the second part

hereby promises and agrees that he will not let or sublet the whole or any part of said premises without the written consent of the party of the first part; 2. It is hereby agreed that if default shall be made in any of the covenants herein contained, it shall be lawful for the party of the first part to re-enter said premises and to remove all persons therefrom." The premises described in the lease are entirely surrounded by other land of the defendant, the lessor, and the only means of ingress and egress thereto and therefrom is by a way which has been used as a public way to said premises for several years.

On the seventh day of November, 1885, the day succeeding that upon which the lease was executed, the lessee, Lee Tong, sold to these plaintiffs all of the wood upon said premises, "and by the terms of said sale gave them until the expiration of said lease to remove said wood from said leased premises." Soon after said sale defendant forbade the use of said premises to plaintiffs, and prohibited them from passing over said way for the purpose of removing said wood, and on the ninth day of November entirely obstructed said way and fenced the same; and, although the privilege of passing upon said road to said premises has been demanded by plaintiffs of defendant for the purpose of removing said wood, the defendant continues to obstruct the same, and prevents plaintiffs from removing said wood from said premises.

On the twelfth day of November, 1885, the plaintiffs commenced this action, setting forth the above state of facts in their complaint, and pray relief: 1. That defendant be restrained from obstructing said road leading to said premises for one year from November 1, 1885; 2. That defendant be required to remove all obstructions to the free use and passage of said road; 3. For other proper relief, and their costs.

To this complaint the defendant interposed a general demurrer. · The demurrer being overruled, and judgment entered for plaintiffs the defendant appeals therefrom, and urges as error the ruling of the court in overruling the demurrer.

There are two questions involved in the appeal, and argued thereon, to wit: 1. Does the complaint show equity on the part of plaintiffs; and, 2. Is there no plain, speedy, and adequate remedy at law available to plaintiffs?

It is a fundamental principle of equity jurisprudence that both of these conditions must exist before equity can be successfully invoked in behalf of a litigant. A party may have a cause of action founded upon the present principles of equity, but if the law affords him adequate relief, equity will not interfere. So, on the other hand, the law may be entirely inadequate to his case, yet, if his cause is lacking in equity, he must abide the remedy which the law affords him. (1 Pomeroy's Equity Jurisprudence, sec. 400; *Fackler v. Ford,* 24 How. 322.)

The plaintiffs knew the tenure by which Lee Tong held the premises. They had full knowledge of the lease, and the covenants that they should not be sublet, and that in case of a breach of any of the covenants the lessor might re-enter and remove all persons therefrom. Notwithstanding this knowledge, the plaintiffs purchase, with the wood, the use of the premises for one year from November 1, 1885, for the purpose of removing the wood therefrom, and of storing the same thereon. This was clearly a subletting of the premises, against the express provision of the lease. Under the covenant to re-enter, within a day or two thereafter, the defendant, the lessor, took possession of the premises, forbade the plaintiffs to enter, and closed up the road thereto. We are unable to see that the plaintiffs are in a position to claim the interposition of equity in their behalf. To grant a restraining order prohibiting the lessor from controlling the premises after condition broken would be to hold that the lessor may not insist on such covenants as seem to him proper. Such a decision would be contrary to the established doctrines. (2 High on Injunctions, sec. 1142; *Steward v. Winters,* 4 Sand. 587; *His Imperial Majesty etc. v. Providence Tool Co.,* 21 Blatchf. 437, 23 Fed. 572; *Root v. Railway Co.,* 105 U. S. 189; *Grand Chute v. Winegar,* 15 Wall. 373.) It seems but a suit in replevin in disguise.

It is claimed that Lee Tong did not sublet the premises; that he simply authorized the plaintiffs to remove the wood therefrom at any time within the year. It is alleged in the complaint that plaintiffs are wood merchants. This being so, the peculiar terms of the sale, if they mean anything, mean that the plaintiffs may store this wood upon defendant's premises during the year, and may at any and all times enter thereon to remove the same, cord by cord, or in larger quan-

tities, as their business may require. This makes the premises of defendant the storehouse for plaintiffs' stock in trade. By the terms of this contract the plaintiffs are given dominion of defendant's premises for a year from November 1, 1885, for the purpose of their business. This is clearly a subletting, and a breach of the covenants of the lease. The fact that the plaintiffs had full knowledge of the lease and its contents leaves them without excuse. The fact that the lessee, Lee Tong, held the premises under the lease but one day and then transferred them, or the use of them, to plaintiffs, contrary to the express covenants in the lease, with a full knowledge of all the facts, suggests that the plaintiffs were endeavoring to obtain by indirection the use of the premises, when they knew that they could not do so directly from the defendant himself. Even had Lee Tong held the premises as a tenant at will, as he seems to have held prior to the execution of the lease, with the implied consent of defendant to remove the wood within a reasonable time after his tenancy had been terminated, he could not transfer that consent to another. The mere act of letting to a stranger would terminate his tenancy at will. (Taylor on Landlord and Tenant, sec. 112.) "If he sells or transfers his tenancy to another, he puts an end to the tenancy." "His relation to his landlord is entirely of a personal character, and he has no interest which he can transfer to another." (Taylor on Landlord and Tenant, sec. 62.)

In the case at bar the written lease was a merger of all former contracts, whether as tenants at will or otherwise. We think the plaintiffs are bound to take notice of the title of any under whom they claim to exercise dominion over the premises. Under this view of the case it is unnecessary to consider whether plaintiffs had a remedy at law. We think that the complaint shows no equity, and that the demurrer should have been sustained.

Judgment reversed, and cause remanded for further proceedings in accordance herewith.

Hays, C. J., concurring.

BRODERICK, J., Dissenting.—I cannot concur in the opinion of the court in this case. There is no question here

as to the ownership of the property. The wood belonged to the Chinaman, who placed it upon the defendant's premises with the knowledge and permission of the defendant. The ground had been used for several years as a woodyard. At the time the wood was so placed there, and at the time it was sold by the Chinaman to the plaintiffs, and for several years prior thereto, the woodyard was connected with the public highway by a road passing directly across the defendant's land. These facts are alleged in the complaint herein, and by the demurrer are admitted. It seems to me that, as the defendant permitted the wood to be placed upon his land, it must be presumed that he acted with full knowledge of all the facts and his rights in the premises. If this is correct, he thereby impliedly consented that the wood could be removed within a reasonable time, and he should be held to this implied agreement.

No word is said in the lease about an easement over defendant's premises to the wood. This was probably deemed unnecessary, inasmuch as there had been a way open to the woodyard for several years.

As I view it, the lease gave the Chinaman no new or additional right, except that it enlarged the time for removing the property. The lease acknowledged compensation for the use of the woodyard for one year from its date. By the covenants of the instrument the Chinaman was not to let or underlet the premises, but certainly he was not thereby precluded from selling or disposing of the wood. His right to do this is unquestioned, and, when he did so, it seems equally clear that the purchaser had the right to remove his property, not under the lease, but within a reasonable time, and by reason of the implied right given when the wood was placed there by defendant's consent. It is true that the complaint demands more than the plaintiffs are entitled to. It is alleged that the plaintiffs purchased the wood of the Chinaman, and that by the terms of the purchase the plaintiffs were to have until the expiration of the year to remove it from the premises. By reason of the covenants of the lease this time could not be given without the defendant's consent. Claiming too much is no ground of demurrer. If the plaintiffs were entitled to any relief under the complaint, the demurrer was

rightly overruled. The Chinaman could sell the wood and the plaintiffs could purchase. Under the circumstances of this case the right to purchase the property carried with it the right to possess and enjoy the same. (*Webber v. Gage,* 39 N. H. 182.)

It will be observed that there is no dispute as to the ownership of the wood, or plaintiffs' right to the possession. But it is contended on behalf of the defendant that the case presented by the complainants does not fall within equity jurisdiction, and the reason assigned is, that relief at law, by replevin, would be complete and adequate. · It is conceded that, if the remedy at law is sufficient, equity cannot give relief; but it is not enough that the plaintiffs could have obtained possession by replevin. The remedy at law must be "plain, speedy, and adequate," or, in other words, "as practical and efficient to the ends of justice and its prompt administrations as the remedy in equity." (*Watson v. Sutherland,* 5 Wall. 78; *Hager v. Shindler,* 29 Cal. 47; *Brown v. Pacific Mail Steamship Co.,* 5 Blatchf. 525, Fed. Cas. No. 2025.)

The complaint also alleges that the plaintiffs were dealers in wood, and this was the only wood they owned from which to supply their customers; that they had contracted with their customers to furnish wood for the winter, which was approaching, and that if the defendant was not restrained and plaintiffs put into immediate possession of their property irreparable injury would ensue. Certainly this is good ground for equitable interposition. (*Wilson v. City of Mineral Point,* 39 Wis, 160.) The action at law would not have afforded an adequate remedy in this case. Had such an action been instituted, the defendant, by executing an undertaking, could have retained the ·property, and the measure of damages, if the property were not sold, could not have extended beyond the injury done to it, or, if sold, to the value of it when taken, with the interest from the time of taking down to the trial. There could have been no compensation for loss of trade, and commercial ruin would probably have been the result before an action at law would have terminated.

Considering the character of the property, and the time required to remove it, and all the facts in relation to the trans-

action between the parties, it seems clear to me that the remedy in equity could alone furnish adequate relief, and that the demurrer to the complaint was rightly overruled.