AMERICAN LIGHTING CO. v. PUBLIC SERVICE CORPORATION OF NEW JERSEY et al.

(Circuit Court, D. New Jersey. December 24, 1904.)

1. INJUNCTION—BREACH—CONTEMPT.

No one can be punished in contempt proceedings for disregarding a restraining order in a case for which the law furnishes a plain, adequate, and complete remedy, where the jurisdiction to make such order is seasonably questioned and ascertained not to exist.

(Syllabus by the Court.)

In Equity.

Albert C. Wall, for complainant.

Frank Bergen and Frederic J. Faulks, for defendant.

BRADFORD, District Judge. The American Lighting Company filed its bill March 4, 1904, against the Public Service Cor-

poration of New Jersey, hereinafter called Public Service Corporation, the Hudson County Gas Company and the Jersey City Gas Light Company, setting forth in substance, among other things, that the complainant had entered into a certain contract with the Mayor and Aldermen of Jersey City, whereby the complainant agreed for and during a certain term to provide, operate and maintain a certain number of gas lamps in the streets of that city, and furnish the gas to be used in those lamps, in accordance with the terms of the contract and its specifications and for the considerations therein mentioned; that aside from the Public Service Corporation, which had theretofore furnished gas for the lighting of the streets of Jersey City, there was no source from which the complainant, which had no gas plant, could procure the gas to be furnished under its contract; and that the Public Service Corporation, notwithstanding its duty to the public, threatened to shut off and prevent the passage and delivery of gas through its mains, pipes and conduits to the posts upon which the complainant was engaged in placing its lamps, the complainant then and there being ready and prepared to receive illuminating gas from the Public Service Corporation and to supply the same to its street lamps in accordance with its contract, and the Public Service Corporation having been notified of the desire of the complainant to purchase the necessary gas and of the readiness and ability of the complainant to comply with all reasonable regulations and requirements for obtaining the same. The bill prayed, among other things, that the defendants be restrained and enjoined from discriminating between the complainant and other consumers of gas in Jersey City and "from diminishing, turning off, interfering with or stopping the present passage and flow of gas to, in and through the said lamp posts and to the said burners affixed thereto" by the complainant. A motion for a preliminary injunction was, after the presentation of affidavits, documentary evidence and arguments of counsel on both sides, denied upon the ground, among others, that there was an adequate remedy at law. 132 Fed. 794. This point was thus treated by the court:

"It does not appear that the complainant is the owner or occupant of any manufacturing plant or other premises in Jersey City, or of any property there requiring a supply of illuminating gas for its beneficial enjoyment. The fact that gas is not supplied to it does not affect its enjoyment of any property rights other than those it may have under or by virtue of its contract with Jersey City. Whatever interest it may have arises under that contract and is restricted to the profits or other benefits it might realize from its due performance. The purpose of this suit is to realize such profits or other benefit. If Jersey City has wrongfully broken its contract with the complainant there is an adequate remedy by way of action for the recovery of damages. Or, if the defendants have wrongfully prevented the complainant from performing its contract with the city, there is a similar adequate remedy."

At the time the motion for the preliminary injunction was made an order was granted restraining the defendants as prayed until the decision upon the motion. Prior to the denial of the preliminary injunction sought proceedings in contempt were instituted by the complainant against the Public Service Corporation and Eugene J.

Donahue and Henry Schmidt, two of its servants and agents, for an alleged violation of the restraining order. The alleged contempt has been fully heard on affidavits and arguments of counsel. In some respects the affidavits are conflicting and lack certainty. But, wholly aside from the character of the evidence, there is the vital question disclosed on the face of the bill, whether this court has authority to punish the respondents in the rule for any violation of the restraining order. The right to punish presupposes the existence of a valid order which has been disobeyed. A court possesses no authority to inflict punishment for disregard of an order which is not merely irregular or voidable, but void as having been made without authority or jurisdiction. In Ex parte Fisk, 113 U. S. 713, 718, 5 Sup. Ct. 724, 726, 28 L. Ed. 1117, the court through Mr. Justice Miller said:

"When, however, a court of the United States undertakes, by its process of contempt, to punish a man for refusing to comply with an order which that court had no authority to make, the order itself, being without jurisdiction, is void, and the order punishing for the contempt is equally void."

Unless this court had equitable jurisdiction of the suit it was without power to grant a valid restraining order. In Jones v. Mutual Fidelity Co. (C. C.) 123 Fed. 506, 517–519, I had occasion to consider the distinction in the federal courts between jurisdiction at law and jurisdiction in equity. The court there said:

"There is a fundamental distinction growing out of the federal constitution and legislation between legal and equitable procedure. The seventh amendment of the constitution provides that 'in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved,' and section 16 of the Judiciary Act of September 24, 1789, c. 20, 1 Stat. 82, reproduced in section 723 of the revised statutes [U. S. Comp. St. 1901, p. 583], enacts that 'suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law.' These constitutional and statutory provisions control the procedure of the federal courts; and the propriety of resorting in any given case to the law side of the court, on the one hand, or, on the other, to the equity side, must be determined with reference to them. * * * It is an established rule that 'whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury.' Hipp v. Babin, 19 How. 271, 278, 15 L. Ed. 633; Insurance Co. v. Bailey, 13 Wall. 616, 620, 20 L. Ed. 501; Grand Chute v. Winegar, 15 Wall. 373, 21 L. Ed. 174; Buzard v. Houston, 119 U. S. 347, 351, 7 Sup. Ct. 249, 30 L. Ed. 451; Whitehead v. Shattuck, 138 U. S. 151, 11 Sup. Ct. 276, 34 L. Ed. 873."

It is true that it is difficult, if not impossible, to ascertain preliminarily in all cases whether the proceedings for the enforcement of a right should be in equity or at law. Many cases are in this respect debatable. In Watson v. Sutherland, 5 Wall. 74, 79, 18 L. Ed. 580, the court through Mr. Justice Davis said:

"The absence of a plain and adequate remedy at law affords the only test of equity jurisdiction, and the application of this principle to a particular case must depend altogether upon the character of the case, as disclosed in the pleadings."

But, whatever may be the propriety of granting a restraining order or inflicting punishment for its violation, where equitable juris-

diction is doubtful or not beyond dispute, it seems clear that when such jurisdiction has seasonably been questioned, as is the case here, and has been ascertained not to exist, the restraining order must be held void and, consequently, no one can be punished for disregarding it. This court, being of opinion that the complainant has a plain, adequate, and complete remedy at law for any wrongs or grievances it has suffered or will suffer by reason of the matters alleged in the bill, holds that the restraining order was granted without jurisdiction and was a nullity, and, therefore, that the rule to show cause in the contempt proceedings must be discharged.