**CITY OF ORLANDO v. MURPHY et al.**
No. 7749.

Circuit Court of Appeals, Fifth Circuit.
May 21, 1935.

G. P. Garrett and W. H. Poe, both of Orlando, Fla., for appellant.

Thos. B. Adams, of Jacksonville, Fla., and J. Thomas Gurney, of Orlando, Fla., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The city of Orlando on October 10, 1925, contracted with W. T. Murphy and J. E. Pryor as partners for the grading and paving of certain of its streets, the work to be done within two years. On July 14, 1932, Murphy, alleging a dissolu-

tion of the partnership by agreement in 1929 whereby he acquired all rights and interest in the contracts, sued the city of Orlando at common law, asserting that a balance was due for work done of $3,473.31, that certain brick had been wrongfully rejected to his damage in the sum of $8,753.04, and that the city had delayed the work and failed to allow a large part of it to be performed, causing a loss in the maintaining of a surety bond and in overhead expenses and a loss of profits that would have been earned in large stated sums. On April 1, 1935, the city filed its bill in equity against Murphy and Pryor, serving Murphy only, to enjoin prosecution of the lawsuit, to cancel the contracts sued on, for an accounting, and for other relief. A motion for an injunction pendente lite was heard upon the bill and upon a motion to dismiss it. The judge denied the injunction, but reserved judgment on the motion to dismiss. From the refusal of the injunction, this appeal is taken.

 We express no opinion as to the construction or validity of the contracts upon which Murphy sues or as to the sufficiency on its face of his declaration. Those questions arise appropriately on the trial of his case. We are here concerned only to inquire whether the city's bill sets up any matters of equitable cognizance which require an arrest of the law case and a trial by the chancellor instead of by a jury. We assume that the defendant in a lawsuit may elect not to set up his equitable defenses by pleas under 28 USCA § 398, and may still file a bill to enjoin the suit at law, since the language of that section is permissive only. Whichever remedy may be followed, 28 USCA § 384 prohibits a resort to equity where there is an adequate remedy at law; and the principle applies with peculiar force to an effort like this to deprive a plaintiff in a pending suit of his jury trial. To warrant this, there must be some equitable right of the defendant which cannot be effectively asserted in the defense of the lawsuit. A bill cannot be maintained to enjoin a trial at law when it discloses only legal defenses. Byrne v. Brown, 40 Fla. 109, 23 So. 877; Grand Chute v. Winegar, 15 Wall. 373, 21 L. Ed. 174; Deweese v. Reinhard, 165 U. S. 386, 389, 17 S. Ct. 340, 41 L. Ed. 757; Scottish Insurance Co. v. Bowland, 196 U. S. 611, 633, 25 S. Ct. 345, 49 L. Ed. 619.

 This bill on analysis presents no defense which is not available at law. It asserts, first, that the contracts were made with Murphy and Pryor, and that Pryor is a necessary party. A suit on the contract of a firm should be in the name of all the partners, though the partnership has been dissolved, unless in the dissolution the chose has been assigned. The allegations of the exhibited declaration seem to assert an assignment to Murphy, but, if Pryor in fact is still interested, his nonjoinder is pleadable at law. The bill next avers that the contracts are beyond the powers of the city, were not duly authorized by it, were in violation of certain statutes, are unilateral, and do not mean what Murphy contends they do. Manifestly all such questions can be tried at law. The bill asserts that the city has fully paid for all the work done and does not owe the balance of $3,473.81 which is sued for. It states generally that a complicated accounting will be necessary to arrive at what is due, but does not point out why this is so. Neither does the declaration at law show how the balance claimed arises. The contract provides for monthly estimates by the engineer as the work progresses on which 85 per cent. is to be at once paid, and for a full settlement for each street when it is finished. It provides for the decision by the engineer of differences of opinion and for arbitrations in certain cases of dispute. The city's obligation to pay is fixed by the engineer's estimates which constitute the debits against it, and its payments constitute the credits. There does not seem to be room for a complicated accounting; and the general assertion of the bill that one is necessary is a mere conclusion not supported by any definitely alleged facts. The bill also prays for a cancellation of the contracts as invalid, or as fully performed, or as rightly terminated; but cancellation is wholly unnecessary, since the contracts are in suit and a judgment for the defendant will put an end to them, and one for the plaintiff will merge them. They are not muniments of title, or current negotiable instruments, or such like things as could do future harm. There are further allegations that the city has counterclaims arising out of the same contracts which are to be set off, but no details are given. These are seemingly recoupments good at common law in a settlement of the contracts both against the original parties and against Murphy if he be now the assignee of Pryor's interest. It is also averred that Murphy ought to be estopped to sue for the unperformed part of the contracts because

of certain transactions with the city, and these are also claimed to amount to an accord and satisfaction. But so-called equitable estoppels are available at law, and accord and satisfaction is of course a legal defense. Support' for the foregoing propositions of law will be found in American Cyanamid Co. v. Wilson & Toomer Fertilizer Co. (C. C. A.) 62 F.(2d) 1018, and cases cited therein, where, instead of a bill to enjoin a trial at law, equitable pleas under 28 USCA § 398, were resorted to. See, also, Grand Chute v. Winegar, 15 Wall. 373, 21 L. Ed. 174. The present bill makes mention of discovery, but it propounds no interrogatories, and expressly waives an answer under oath. Therefore an injunction is not due to be granted until discovery shall be made. Lastly, a declaratory judgment is prayed fixing the rights of the parties as authorized by the Act of June 14, 1934, 48 Stat. 955 (28 USCA § 400). But that relief, if grantable at all in a case where an ordinary judgment is sought upon a matured contract, is to be granted at law as to legal rights. It does not require that a law case be transferred to a court of equity. The bill presents no sufficient reason for arresting the law case, and the District Judge did not err in refusing the injunction.

Judgment affirmed.