## SCOTTISH UNION AND NATIONAL INSURANCE COM-PANY *v.* BOWLAND.

## BOWLAND *v.* SCOTTISH UNION AND NATIONAL IN-SURANCE COMPANY.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

Nos. 360, 361. Argued January 4, 5, 1905.—Decided February 20, 1905.

While technically municipal bonds deposited with the insurance commissioner under the laws of Ohio regulating the right of foreign companies to do business within the State are investments in bonds, they are also a part of the capital stock of the company invested in Ohio and required to be so invested for the security of domestic policy holders, and for the purposes of taxation to be considered as part of the capital stock of the company and included within the statutory definition of personal property required to be returned by foreign and domestic corporations for taxation.

While no tax can be levied without express authority of law, statutes are to receive a reasonable construction with a view to carrying out their purpose and intent, and

The collection by distraint of goods to satisfy taxes lawfully levied is one of the most ancient methods known to the law and in this case the law of Ohio authorizing it does not violate the constitutional right of a foreign insurance company and deprive it of its property without due process of law.

There is nothing in the exemption of Government bonds from taxation which prevents them from being seized for taxes due upon unexempt property.

The laws of the State of Ohio as construed by the Supreme Court of that State have conferred the right to tax bonds deposited by a foreign insurance company with the insurance commissioner under the laws regulating the right to do business in the State.

Where municipal bonds so deposited are withdrawn before the return day and Government bonds substituted therefor as provided by law the company is not liable for taxation on the bonds so withdrawn.

Where there is no personal liability for taxes the defense can be set up in an action at law and there is no necessity to resort to equity to enjoin prosecution of suits therefor. It will be presumed that if the claim of the party taxed is right no personal judgment will be entered.

THESE cases are cross-appeals from a decree rendered in the Circuit Court upon bill and demurrer. The Scottish Union

and National Insurance Company, a corporation of Great Britain, filed its bill to enjoin the defendants Willis G. Bowland, treasurer, and L. Ewing Jones, auditor of Franklin County, Ohio; Arthur I. Vorys, superintendent of insurance, and William S. McKinnon, treasurer, of the State of Ohio, from the collection of taxes levied on certain bonds deposited by the complainant under the laws of Ohio regulating the right of foreign insurance companies to do business in that State. It appears from the averments of the bill that the bonds were deposited under section 3660 of the Revised Statutes of Ohio, as amended in 1894. 91 Ohio Laws, 40. They were municipal bonds of the county of Lucas and State of Ohio. Fifty thousand dollars thereof was deposited on September 14, 1894, and $50,000 on November 7, 1894. The bonds were registered in the name of the superintendent of insurance, in trust for the benefit and security of the policyholders of the insurance company, residing in Ohio, and were delivered by him to the state treasurer for safe keeping, and remained in the office of the treasurer of the State at Columbus, Franklin County, Ohio, until withdrawn on April 2, 1903, when United States bonds were substituted therefor.

The insurance company is transacting the business of insurance in Ohio, but it avers that its home office is in the city of Edinburgh, Scotland, and its chief office and managing agency for this country is at Hartford, Connecticut, from which office it conducts its business in Ohio.

Acting under the Ohio statute, section 2781a (94 Ohio Laws, 62), the auditor of Franklin County, by notice served on one of the local agents of the Scottish Union and National Insurance Company, notified it to appear and show cause why the said bonds should not be taxed against it on the duplicate of Franklin County, Ohio, and taxes collected thereon for the years 1895 to 1900, inclusive. The auditor entered upon the tax duplicate taxes against the insurance company for $2,700 each for the years 1895 to 1897, inclusive, and $2,750 each for the years 1898 to 1900 inclusive, and five per cent

penalty thereon. On November 15, 1900, the treasurer of Franklin County brought a civil action against the company for taxes so assessed. This action at the time of the filing of the bill was still pending in the Court of Common Pleas of Franklin County, Ohio.

On December 4, 1903, another notice was served upon the company, through its local agent, and the auditor entered taxes against such company for the years 1901, 1902 and 1903, in all the sum of $8,935.50. On April 2, 1904, the treasurer of Franklin County procured a warrant of distraint, and upon such warrant demanded of the superintendent of insurance and the state treasurer the United States bonds so substituted on April 2, 1903, for such municipal bonds, for the purpose of seizing and selling the same to satisfy the taxes which had been assessed against the company with respect to the municipal bonds for the years 1895 to 1903, inclusive. It is averred that to permit the collection of these taxes by suit for personal judgment or distraint will be violative of complainant's treaty rights as a subject of Great Britain, and will be taking complainant's property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

The prayer of the bill is, that the defendant, the treasurer of Franklin County, be restrained from collecting or attempting to collect any of the taxes against the complainant personally; that the said treasurer be restrained from collecting or attempting to collect said taxes or any portion of them by distraint against either such bonds of the United States so deposited or any personal property of complainant which may now or hereafter be situated in the county of Franklin or the State of Ohio; that the defendants, the superintendent of insurance and treasurer of the State of Ohio, be enjoined from delivering or attempting to deliver said United States bonds or any part thereof to the said county treasurer, and for such other relief as equity and good conscience may require.

The respondents having interposed demurrers to the bill,

the court held. that the municipal bonds on deposit in Ohio were subject to taxation under the laws of the State; that there was no personal liability of the complainant on account of said taxes, and therefore a civil action to recover the taxes should be enjoined; that for the year 1903 the collection of taxes could not be enforced, as the United States bonds were substituted before the time for returning property for that year; that the bonds might be seized by distraint to satisfy the taxes levied upon the municipal securities for the years they were on deposit, and the court therefore refused to enjoin the execution of the distress warrant, except for the taxes and penalty for the year 1903, and rendered a decree enjoining the collection of the taxes by civil action.

Both parties appealed, the company from so much of the decree as permitted distraint of the United States securities for the collection of taxes levied with respect to the municipal bonds, the treasurer and auditor of Franklin County from so much of the decree as denies the right of the State to prosecute a civil action against the company to recover the taxes aforesaid, and from so much thereof as restrained the officials from attempting to collect the taxes assessed against the municipal bonds for the year 1903.

*Mr. Judson Harmon* and *Mr. Hartwell Cabell*, with whom *Mr. W. O. Henderson* was on the brief, for Scottish Union and National Insurance Company, appellant in No. 360 and appellee in No. 361:

The municipal bonds deposited with the superintendent of insurance by foreign insurance companies under the requirements of section 3660, Revised Statutes, Ohio, are not taxed by the laws of Ohio.

Under *State Tax on Foreign Held Bonds Case*, 15 Wall. 300; *Walker* v. *Jack*, 31 C. C. A. 462; *New Orleans* v. *Stempel*, 175 U. S. 309; *Blackstone* v. *Miller*, 188 U. S. 189, a State has the right to class municipal bonds as tangible personal property, and to tax them when found in the State, but the State of

Ohio has elected to treat such securities, not as tangible property, but as a species of intangible property, depending for taxability, not upon the situs of the paper, but upon the situs of some person in Ohio sustaining a specified relation to the bonds; that as the constitution and statutes have been construed by the Supreme Court of Ohio, these requirements do not here exist.

Judge Lurton in *West. Assurance Co.* v. *Halliday*, 126 Fed. Rep. 257, which was a case similar to this, ignores the fact that the State has not by statute taxed such bonds. As such the decision was contrary to the decisions of the Supreme Court of Ohio, see Art. XII. Ohio Const. 1851; *Lamb* v. *Lane*, 8 Ohio St. 167; *Chisholm* v. *Shields*, 67 Ohio St. 374; §§ 2730–2735 and 2744–2746, Rev. Stat. Ohio; *Exchange Bank* v. *Hines*, 3 Ohio St. 1, 39; *Worthington* v. *Sebastian*, 25 Ohio St. 1, 8; *Myers* v. *Seaberger*, 45 Ohio St. 232; *Lander* v. *Burke*, 65 Ohio St. 532.

Credits as well as municipal or railroad bonds would fall within Judge Lurton's definition of personal property under his construction of the same section and could be taxed whenever the paper evidence is found in Ohio, although neither held nor owned by a person in the State, and *contra* this proposition see *Brown* v. *Noble*, 42 Ohio St. 405, 409; *Sommers* v. *Boyd*, 48 Ohio St. 648; *Payne* v. *Watterson*, 37 Ohio St. 121; *Sims* v. *Best*, 1 Ohio. Cir. Ct. Rep. (N. S.) 41; *S. C.*, 25 Ohio Cir. Ct. Rep. 149; *Heintz* v. *Cameron*, 70 Ohio St. 491.

As to construction of a proviso such as that in § 21 of the act of 1852, now § 2745, see Dwarris on Statutes, 514; *Minis* v. *United States*, 15 Pet. 423, 445; *In re Webb*, 24 How. Pr. 247; *Boon* v. *Joliet*, 22 Illinois, 258; *Walsh* v. *Van Horn*, 22 Ill. App. 170.

As to how these bonds are held and whether any person in the State holds them in such capacity as would bring him within the law requiring their return for taxation or as to whether the superintendent of insurance is a trustee, see *Myers* v. *Seaberger*, 45 Ohio St. 232; *Walker* v. *Jack*, 79 Fed. Rep. 138;

*McNeill* v. *Hagerty*, 51 Ohio St. 255, 266; *French* v. *Bobe*, 64 Ohio St. 323, 341; · *State* y. *Matthews*, 64 Ohio St. 419. For the construction of other state statutes similar to those of Ohio, see *People* v. *Home Ins. Co.*; 29 California, 534, 544; *Life Ins. Co.* v. *Commissioners*, 28 How. Pr. 41, 57; *Catlin* v. *Hull*, 21 Vermont, 152; *Hoyt* v. *Commissioners*, 23 N. Y. 224; *Life Ins. Co.* v. *Comptroller*, 31 N. Y. 32. The treatment of Ohio of foreign insurance companies does not indicate the intentions attributed in the *Halliday Case*, 126 Fed. Rep. 257. See *State* v. *Reinmund*, 45 Ohio St. 214.

Appellant is a non-resident, absent from the State, and personal judgment cannot be rendered against it. Rev. Stat., Ohio, § 2859; Judson on Taxation, § 414; Cooley on Taxation, 3d ed., 24; Pomeroy's Remedial Rights, § 1; *State Tax on Foreign Held Bonds*, 15 Wall. 300, 319; *Dewey* v. *Des Moines*, 173 U. S. 193, 201; *New York* v. *McLean*, 170 N. Y. 374; *Bristol* v. *Washington County*, distinguished, and see *Assessors* v. *Comptoir National*, 191 U. S. 388, 403; *Lafayette Ins. Co.* v. *French*, 18 How. 404.

The municipal bonds formerly on deposit being no longer within the State, the taxes levied with respect to them cannot now be collected by distraint or other proceeding *in rem* directed against the complainant's United States bonds now deposited in the State.

For construction of §§ 2838 and 2731, see *Spence* v. *Frye*, 2 Wkly. Law Gaz. 103; *Citizens' Bank Assignment*, 2 West. L. Monthly, 121; *Chisholm* v. *Shields*, 67 Ohio St. 374. See also as to freedom of bonds from lien, *New Orleans* v. *Stempel*, · 175 U. S. 309.

The municipal bonds belonging to complainant formerly on deposit having been removed from the State eleven days prior to the day preceding the second Monday in April, 1903, no taxes can be assessed with reference to such bonds for the year· then beginning or any part thereof.

As· to construction on § 2737 see *Shotwell* v. *Moore*, 129 U. S. 590.

*Mr. Augustus T. Seymour*, with whom *Mr. Wade H. Ellis*, Attorney General of the State of Ohio, *Mr. Edward L. Taylor, Jr., Mr. Karl T. Webber* and *Mr. Thomas Ross* were on the brief, for Bowland and others, appellees in No. 360 and appellants in No. 361.

The bonds have a situs for taxation in Ohio and were properly taxed. *West. Assurance Co.* v. *Halliday*, 110 Fed. Rep. 259; *S. C.*, 126 Fed. Rep. 257; *S. C.*, 193 U. S. 673.

Municipal bonds are in such a concrete tangible form that they are subject to taxation where found, irrespective of the domicile of the owner, and a State has the right to tax such bonds whenever they can be localized within its jurisdiction. *State Tax on Foreign Held Bonds*, 15 Wall. 300; *Savings Loan Society* v. *Multnomah Co.*, 169 U. S. 421; *New Orleans* v. *Stempel*, 175 U. S. 309; *Bristol* v. *Washington Co.*, 177 U. S. 133; Judson on Taxation, § 394; *Blackstone* v. *Miller*, 188 U. S. 189; *Board of Assessors* v. *Comptoir National*, 191 U. S. 388, 403; *Carstairs* v. *Cochran*, 193 U. S. 10; *Lee* v. *Sturges*, 46 Ohio St. 153; *Hubbard* v. *Brush*, 61 Ohio St. 252.

Under the constitution and statute law of Ohio, investments in bonds held in that State and owned by non-residents of the State, are taxable within the State. Const. § 2, Art. XII; § 3, Art. XIII; 44 Ohio Laws, 85; §§ 2734–2737, 2744, 2745, Rev. Stat.; *Lee* v. *Sturges*, 46 Ohio St. 153; *Worthington* v. *Sebastian*, 25 Ohio St. 1; *Grant* v. *Jones*, 39 Ohio St. 506; *Sims* v. *Best*, 25 Ohio Cir. Dec. 149; *Heintz* v. *Cameron*, 70 Ohio St. 491.

The nature of the deposit required by § 3660 is not such as to exempt bonds so deposited from taxation within the State. *British &c. Ins. Co.* v. *Commission*, 18 Abb. Pr. 118; *Int. Life Ins. Co.* v. *Commission*, 28 Barb. 318; *People* v. *Home Ins. Co.*, 29 California, 533.

Section 2745 provides a method of taxation for foreign insurance companies in addition to the general statutes authorizing the levy of taxes, and the legislature had no power to substitute a special method of taxation for the provision of the general laws relating thereto.

Statutes which strip a government of any portion of its prerogative or give exemption from the general burden, should receive a strict interpretation. 1 Desty on Taxation, 180; *Yazoo &c. Ry. Co.* v. *Thomas,* 132 U. S. 174; *New Orleans &c. Ry. Co.* v. *New Orleans,* 143 U. S. 192; *Chicago &c. Ry.* v. *Guffey,* 120 U. S. 569; *Phœnix Ins. Co.* v. *Tennessee,* 161 U. S. 174; *Erie Ry. Co.* v. *Pennsylvania,* 21 Wall. 492; *Delaware R. R. Tax,* 18 Wall. 206.

The privilege exercised by appellant under § 3660 to substitute United States bonds for the municipal bonds upon deposit with the superintendent of insurance, leaves the substituted bonds subject to all the obligations against the property originally on deposit.

The power of the State to impose conditions upon a nonresident seeking to engage in business within its borders is beyond question. *Waters-Pierce Oil Co.* v. *Texas,* 177 U. S. 28; *Cooper* v. *California,* 155 U. S. 648; Judson on Taxation, § 158.

The provisions in the statutes for summarily collecting the taxes are not repugnant to the Fourteenth Amendment. The right of the sovereign to proceed in this manner is as old as the common law. 2 Desty on Tax. 750, 776; Judson on Tax. § 330; *Palmer* v. *McMahon,* 133 U. S. 660; *Murray's Lessee* v. *Hoboken Land & Imp. Co.,* 18 How. 272, 281; *Springer* v. *United States,* 102 U. S. 586; Cooley on Tax. 302; Ohio Act of 1792, Chase's Statutes, 119; 1 Ohio Laws, 58; 25 Ohio Laws, 25; 29 Ohio Laws, 291; Rev. Stat. Ohio, § 1095.

There is no constitutional objection to the right of a State to collect unpaid taxes, assessed on account of personal property, owned by a non-resident, having a taxing situs within the State, by distraint of any property belonging to such non-resident found within the territorial limits of the State. Desty on Tax. § 6, pp. 7, 11, and cases cited; Black's Law Dict. 253; Blackstone, Bk. I, p. 138; Bk. II, pp. 2-15; 27 Am. & Eng. Ency. of Law, 648, 673. As to obligation to pay taxes, see *Railway Co.* v. *Reynolds,* 183 U. S. 475; *Allen* v. *Armstrong,*

16 Iowa, 512; *Buck* v. *Miller*, 147 Indiana, 586, 597; *Green* v. *Gruber*, 26 Louisiana, 694; *Cappen* v. *Hull*, 21 Vermont, 152; Remo on Non-Residents, §§ 25, 136; *Picquet* v. *Swan*, 5 Mason, 35; *McGoon* v. *Scales*, 9 Wall. 23; Drake on Attachments, § 57; *Pyrolucite W. Co.* v. *Ward*, 73 Georgia, 491; Waples on Attachments, § 32; *State* v. *Meyer*, 41 La. Ann. 439; *Hall* v. *Am. Refrigerator Co.*, 24 Colorado, 291; *Am. Refrigerator Co.* v. *Hall*, 174 U. S. 70; *Union Refrigerator Co.* v. *Lynch*, 177 U. S. 149; *New York* v. *McClain*, 170 N. Y. 374; *Dewey* v. *Des Moines*, 173 U. S. 193, distinguished, and see *Bristol* v. *Washington County*, 177 U. S. 133, 145; *Pullman Co.* v. *Pennsylvania*, 141 U. S. 18; *Marye* v. *Balt. & Ohio Ry. Co.*, 127 U. S. 117, 123.

The United States bonds owned by a non-resident are subject to distraint to satisfy a charge against the owner. *Plummer* v. *Coler*, 178 Ohio St. 115; 27 Am. & Eng. Ency. of Law, 791. The auditor's duty to list property omitted to be returned does not depend on the presence of the property within the State. *Sturges* v. *Carter*, 114 U. S. 511, 518; *Winona and St. Peter Land Co.* v. *Minnesota*, 159 U. S. 526; *Weyerhauser* v. *Minnesota*, 176 U. S. 550; *Gager* v. *Prout*, 48 Ohio St. 89.

When the question under consideration is the right to an exemption from taxation the statute is strictly construed against the exemption. *Railway Co.* v. *New Orleans*, 143 U. S. 192; *Insurance Co.* v. *Tennessee*, 161 U. S. 174; *Delaware R. R. Tax*, 18 Wall. 206.

MR. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

These cases may be considered together, as they are appeals from a single decree and involve the right to assess and collect taxes upon the municipal bonds deposited by the insurance company under the laws of Ohio.

A considerable part of the opinion of the court below and the discussion in the briefs of counsel goes to the question of the

power of the State to tax bonds, held as these were, within its
jurisdiction. At the oral argument, however, the learned
counsel representing the insurance company conceded that
there was legislative power to impose the taxes in question.
A reference to the decisions of this court makes it perfectly
plain that such taxation is within the power of the State
*New Orleans* v. *Stempel*, 175 U. S. 309; *Bristol* v. *Washington
County*, 177 U. S. 133; *Blackstone* v. *Miller*, 188 U. S. 189;
*Board of Assessors* v. *Comptoir National*, 191 U. S. 388, 403;
*Carstairs* v. *Cochran*, 193 U. S. 10.

The contention for the company is, that conceding the power
of the State, it has never been exercised in the only way to
make it effectual, which is by statutory enactment, and that
the policy and statutes of Ohio have never authorized taxa-
tion of bonds deposited under the conditions shown in this
case.

The question, therefore, is, have the statutes of Ohio, read
in the light of the construction placed upon them by the
Supreme Court of the State, conferred the right to tax these
municipal bonds?

Before entering upon a consideration of the statutes we may
say, in general terms, that we agree with the learned counsel
for the insurance company, that the scheme of taxation of
personal property in Ohio involves the requirement that it
shall be returned or listed by some person or corporation whose
duty it is by law to return or list such property. Provision
is not made for assessing or taxing personal property by pro-
ceedings *in rem*, but before a recovery for taxes can be justified,
either by action or distraint, it must appear that it was re-
quired to be returned for the purpose of taxation under some
law of the State.

The proceedings under which the taxes for the years included
in this case were charged against the insurance company by
the auditor of Franklin County are under a statute (Revised
Statutes of Ohio, section 2781*a*), having for its purpose the
correction of returns by those whose duty it was to return

property for taxation, and making correction of returns so as to include property which should have been returned, but had been omitted, by some person charged by law with that duty.

Was it the duty of the insurance company or any one acting for it to return these municipal bonds for taxation? They were required to be deposited under section 3660, Rev. Stat. of Ohio, as amended, which reads as follows:

"SEC. 3660. [*Certain companies must make deposit.*]—A company incorporated by or organized under the laws of a foreign government shall deposit with the superintendent of insurance, for the benefit and security of the policyholders residing in this State, a sum not less than one hundred thousand dollars in stock or bonds of the United States, or the State of Ohio, or any municipality or county thereof, which shall not be received by the superintendent at a rate above their par value; the stocks and securities so deposited may be exchanged from time to time for other like securities; so long as the company so depositing continues solvent and complies with the laws of this State, it shall be permitted by the superintendent to collect the interest or dividends on such deposits; and for the purpose of this chapter the capital of any foreign company doing fire insurance business in this State shall be deemed to be the aggregate value of its deposits with the insurance or other departments of this State and of the other States of the United States, for the benefit of policyholders in this State or in the United States, and its assets and investments in the United States certified according to the provisions of this chapter; but such assets and investments must be held within the United States and invested in and held by trustees, who must be citizens of the United States, appointed by the board of directors of the company and approved by the insurance commissioner of the State where invested, for the benefit of the policyholders and creditors in the United States; and the trustees so chosen may take, hold and convey real and personal property for the purpose of the trust, subject

to the same restrictions as companies of this State. [91 v. 40; 70 v. 147, § 21; (S. & S. 212).]".

This section is part of the chapter of the Ohio statutes regulating insurance companies other than life. In the same chapter may be found other sections regulating the manner of doing business in Ohio by insurance companies, and in section 3637 we find a provision as to how the capital of domestic insurance companies shall be invested, and such companies are required to invest their capital in certain United States, state, county and municipal bonds, etc. These domestic companies are in like manner required to deposit such securities with the commissioner for the benefit of their policyholders (Rev. Stat. of Ohio, §§ 3593, 3595), and without such deposit are not authorized to do business within the State. As a condition of doing business in Ohio companies organized under the laws of foreign governments are, by section 3660, required to invest a portion of their capital in the stock or bonds of the United States or of the State of Ohio, or some municipality or county thereof, and make deposit of such bonds with the superintendent of insurance for the benefit of local policyholders. Subsequent provisions of the section further show that this deposit is to be regarded as a part of the capital of such foreign insurance company which may be considered in determining the aggregate capital of the company required by law. The companies are permitted to collect the interest or dividends on the securities. These deposits constitute a fund primarily for the benefit of such policyholders, and after their claims are satisfied may be turned over to an assignee or devoted to other purposes. *Falkenbach* v. *Patterson,* 43 Ohio St. 359; *State* v. *Matthews,* 64 Ohio St. 419.

This statute, therefore, provides for the manner of investment of a portion of the capital stock of a foreign insurance company within the State of Ohio for the protection of the policyholders within the State. It is more than a mere "investment in bonds." It is also a part of the capital stock required to be deposited as a condition of doing business

within the State and devoted to the benefit of local stock-holders.

The authority to enact laws for the imposition of taxes is found in the constitution of the State, Article 12, section 2, which provides: "Laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also all real and personal property according to its true value in money."

Section 2731 provides, in language similar to that used in the constitution, for the taxation of all property, real and personal, in the State, and all moneys, credits, investments in bonds, stock, or otherwise, of persons residing in the State. This section is found in the first chapter of Title 13, "Taxation," of the Ohio Statutes, and is in part in the following language:

"SEC. 2731. All property whether real or personal in this State, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this State, shall be subject to taxation, except only such as may be expressly exempted therefrom; and such property, moneys, credits, and investments shall be entered on the list of taxable property as prescribed in this title."

The argument for the insurance company is, that this preliminary section, read with the other sections of the Ohio law upon the subject, excludes "investment in bonds" from being embraced in a general description of personal property, and limits their taxation to persons residing in the State, or (under section 2730) where they are held within the State for others by persons residing therein.

Section 2730 of the same chapter is a section giving definitions of terms used in the title. So far as it is pertinent in this connection, that section is as follows:

"SEC. 2730. . . . The terms 'investments in bonds,' shall be held to mean and include all moneys in bonds, or certificates of indebtedness, or other evidences of indebted-

ness of whatever kind, whether issued by incorporated or unincorporated companies, towns, cities, villages, townships, counties, States or other incorporations, or by the United States, held by persons residing in this State, whether for themselves or others."

If these sections embrace all the statutory laws of the State, together they tax investments in bonds held by residents, because of jurisdiction over the person of the owner, and those held by residents for other owners, and if such reside out of the State, because of jurisdiction over the property held within the State.

Section 2744 undertakes to make provision for the taxation of corporations generally, and is as follows:

"SEC. 2744. [*Corporations generally; their returns.*]—The president, secretary, and principal accounting officer of every canal or slackwater navigation company, turnpike company, plank-road company, bridge company, insurance company, telegraph company, or other joint stock company, except banking or other corporations whose taxation is specifically provided for, for whatever purpose they may have been created, whether incorporated by any law of this State or not, shall list for taxation, verified by the oath of the person so listing, all the personal property, which shall be held to include all such real estate as is necessary to the daily operations of the company, moneys and credits of such company or corporation within the State, at the actual value in money, in manner following: In all cases return shall be made to the several auditors of the respective counties where such property may be situated, together with a statement of the amount of said property which is situated in each township, village, city or ward therein. The value of all movable property shall be added to the stationary and fixed property and real estate, and apportioned to such wards, cities, villages, or townships, *pro rata*, in proportion to the value of the real estate and fixed property in said ward, city, village or township, and all property so listed shall be subject to and pay the same taxes as other prop-

erty listed in such ward, city, village or township. It shall be the duty of the accounting officer aforesaid to make return to the auditor of State during the month of May of each year of the aggregate amount of all property by him returned to the several auditors of the respective counties in which the same may be located. It shall be the duty of the auditor of each county, on or before the first Monday of May, annually, to furnish the aforesaid president, secretary, principal accounting officer, or agent, the necessary blanks for the purpose of making aforesaid returns; but no neglect or failure on the part of the county auditor to furnish such blanks shall excuse any such president, secretary, principal accountant, or agent, from making the returns within the time specified herein. If the county auditor to whom returns are made is of the opinion that false or incorrect valuations have been made, or that the property of the corporation or association has not been listed at its full value, or that it has not been listed in the location where it properly belongs, or in cases where no return has been made to the county auditor, he is hereby required to proceed to have the same valued and assessed: provided, that nothing in this section shall be so construed as to tax any stock or interest in any joint stock company held by the State. [73 v. 139, § 16; (S. & C. 1446).]"

This section is broad in its terms, and requires the return of the property, among others, of insurance companies, whether incorporated by the laws of Ohio or not, and such companies are required to list for taxation "all the personal property, which shall be held to include all such real estate as is necessary to the daily operations of the company, moneys and credits of such company or corporation within the State, at its actual value in money."

The Supreme Court of Ohio has expressly held that this section applies to foreign as well as domestic corporations. *Hubbard* v. *Brush*, 61 Ohio St. 252; *Lander* v. *Burke*, 65 Ohio St. 532, 542.

This section, therefore, requires of both foreign and domestic

insurance companies that they return the personal property mentioned which is within the State. What is meant by "personal property," in this connection? Referring to section 2730 we find it provided that the terms "personal property," when used in the title, shall be held to mean and include, among other things, the capital stock, undivided profits and all other means not forming a part of the capital stock of every company.

In the case of domestic corporations, and assuming that this statute applies, as has been held by the Supreme Court of Ohio, with equal force to foreign corporations, this definition of personal property must be held to include not only the paid-in capital stock of the company, but as well the bonds, or securities in which it may be invested.

This question was before the Supreme Court of Ohio in *Jones* v. *Davis*, 35 Ohio St. 474.

In that case the act of May 11, 1878, was before the court. It contained provisions similar to those of the Revised Statutes, requiring personal property of every description, moneys and credits, investments in bonds, stock, joint stock companies, or otherwise, to be listed in the name of the person who is the owner thereof on the day preceding the second Monday of April in each year.

Section 11 of that act made provisions similar to those found in section 2744, requiring incorporated companies to list for taxation all their personal property which, by the terms of the statute, was made to include all such real estate as was necessary to the daily operation of the company, and all its moneys and credits within the State at their actual value in money. After citing *Bank Tax Case*, 2 Wall. 200, and *Farrington* v. *Tennessee*, 95 U. S. 679, Judge Boynton, delivering the opinion of the court, said:

"For the purposes of taxation, the capital stock is represented by whatever it is invested in. Personal property, by the express wording of the statute, is made to include the capital stock of a corporation; and the provision above referred

to requires all corporations doing business in this State, except banking and others whose taxation is specifically provided for, to list all their personal property, including in the return thereof all such real estate as is necessary to the daily operation of their business, together with their moneys and credits of every description within the State. That the legislature intended, by this description of property, to embrace the capital stock of the company is too obvious to be misunderstood. No other meaning can be drawn from the language employed, and no other construction is better calculated to do justice."

In *Lee* v. *Sturges*, 46 Ohio St. 153, 160, Judge Spear, speaking for the court, said:

"It may be assumed that 'capital stock' and 'capital and property' mean practically the same thing. Primarily the 'capital stock' is the money paid in by the stockholders in compliance with the terms of their subscriptions. It soon, however, takes the form of real estate, or personal property, or both, including machinery, buildings, credits, rights in action, etc. So that it may here be taken to mean personal property, and such real estate as may be necessary to the daily operations of the company, and its moneys and credits. The capital is thus represented by the property in which it has been invested."

We think this language pertinent in the consideration of the case before us. While technically the bonds deposited with the insurance commissioner are investments in bonds, they are also a part of the capital stock of the company invested in Ohio, and require to be so invested for the security of domestic policyholders, and, for the purposes of taxation, to be considered a part of the capital stock of the company and included within the definition of "personal property," as given in section 2730.

This conclusion is reinforced by the decision in *Hubbard* v. *Brush*, 61 Ohio St. 252. In that case the Supreme Court of Ohio held that a foreign corporation transacting business in Ohio was required to return its property within the State where

it was carrying on business, although the corporation was organized under the laws of West Virginia.

The court admitted that the situs of intangible property is ordinarily at the local residence of the corporation, within the State where it was incorporated. Nevertheless, as the promissory notes and book accounts and other evidence of indebtedness must be presumed to have been in the company's office in this State, they were taxable as personal property under section 2744.

In the course of the opinion Judge Bradbury said:

"Where foreign corporations voluntarily bring their property and business into this State to avail themselves of advantages found here which they believe will enhance the probabilities that the business they intend to pursue will be profitable, they should not be heard to complain of laws which tax them as domestic corporations are taxed by the State. We hold, therefore, that the provisions of section 2744, which make it the duty of foreign corporations to list for taxation in this State, their choses in action, where they are held within this State and grow out of the business they conduct herein, is a valid exercise of the taxing powers vested in the State."

Under section 2744, corporations, foreign and domestic, are required to return all personal property for taxation, which, among other things, the statute expressly declares shall include moneys and credits of such company or corporation within the State. If the construction contended for shall prevail, a corporation, with capital invested in bonds, would escape taxation, while one holding its investments in notes or certificates of deposit in bank will be compelled to return them for taxation—a condition of things so manifestly unjust that we cannot hold it to have been within the intent of the legislature in framing taxing laws unless the statutes clearly admit of no other construction. The purpose of the Ohio constitution and statutes passed in pursuance thereof, as has been frequently declared by the Supreme Court of Ohio, is to tax by a uniform rule all property owned or held within the State.

A narrow construction, which will defeat this purpose, should not be adopted.

The statutes, specifically mentioning "investments in bonds," were intended to reach and tax, and not to exempt, that class of personal property. The purpose to tax all real and personal property, declared in the statute, was further emphasized by express mention of certain classes of property, such as investments in bonds, so that by no process of exclusion could such securities escape the burdens imposed upon all property owned or held within the State.

The sections taxing individuals holding such securities were not intended to put limitations upon other sections of the law taxing the property of corporations held within the State and enjoying the protection of its laws, and affording a basis for credit in the transacting of business. There is no reason why the law should tax such securities in the hands of individual residents, whether owned or held by them for others, and permit them to escape taxation when they represent invested capital of incorporated companies, sharing the protection of the Government and equally bound in morals, at least, to help bear the burdens of the State.

That such securities might justly be taxed was freely admitted in the argument at bar, and the sole contention was that the lack of statutory power to tax these securities is a *casus omissus* in legislation which the courts cannot supply.

It may be conceded that no tax can be levied without express authority of law, but the statutes are to receive a reasonable construction with a view to carrying out their purpose and intent.

We have examined the decisions of the Supreme Court of Ohio, cited by counsel, construing the statutes of the State, and believe none of them to be inconsistent with the conclusions we have reached, and those above cited, in our opinion, are direct authority for the construction given. All the sections must be construed together to attain the object and intent of the law. Section 2731, standing alone, might limit the

right to tax investments in bonds to residents of the State. It is certainly enlarged by section 2730 to include such investments when held for others by residents within the State. Read with sections 2734, 2735, 2744 and 2746, we think the purpose is manifest to require the return and taxation of all personal property, except the small exemptions allowed, within the jurisdiction of the State.

But it is urged if section 2744 could otherwise be held to require a return of these bonds by the insurance company, that the company comes within the exception of the statute excluding banking or other corporations whose taxation is specifically provided for in other parts of the Title. And it is argued that section 2745 of the Revised Statutes of Ohio makes express provision for the taxation of foreign insurance companies.

Examination of this section shows that it imposes a tax upon the business of the company in Ohio, and is not a property but a privilege tax. An insurance company is required to return in each county the amount of the gross premium receipts of its agency for the previous calendar year, and under certain regulations the company is taxed upon the amount of business done.

This section does not levy a tax upon property. There are subsequent statutory provisions of a special character, upon which the exception of section 2744 may operate, taxing the property of railroad companies, banks, express, telegraph and telephone companies, etc., but there is no other provision imposing a property tax upon foreign insurance companies within the State.

The requirement that these bonds should be deposited for the security of the local policyholders brought a part of the capital of such company into the State of Ohio upon the strength of which it transacts its business and obtains credit within the State. Clearly, such property is not intended to be taxed within the provisions reaching the business done in the State of Ohio under section 2745.

But it is said that there is no person within the State required to return this property. We think it is the duty of the officers of the insurance company, under section 2744, to return the property, and that the place to return it is where the property is situated. This is clearly required by the terms of this section, and section 2735, making provision for the place of listing personal property, provides:

"And all other personal property, moneys, credits, and investments, except as otherwise specially provided, shall be listed in the township, city, or village in which the person to be charged with taxes thereon may reside at the time of the listing thereof, if such person reside within the county where the same are listed, and if not, then in the township, city, or village where the property is when listed."

These bonds were the property of the corporation taxable under the statutes, and, at the time when they should have been listed, were held in the city of Columbus, Franklin County, Ohio, and should have been there returned.

It is further argued that to distrain the property of the company for the collection of these taxes would be a violation of the constitutional rights of the insurance company, and the taking of its property without due process of law. Section 1095 provides:

"SEC. 1095. [*Overdue taxes may be collected by distress.*]— When taxes are past due and unpaid, as stated in the preceding section, the county treasurer, or his deputy, may distrain sufficient goods and chattels belonging to the person or persons charged with such taxes, if found within his county, to pay the taxes so remaining due and the costs that have accrued; and shall immediately proceed to advertise the same in three public places in the township where such property was taken, stating the time when, and the place where, such property will be sold; and if the taxes and costs which have accrued thereon are not paid before the day appointed for such sale, which shall be not less than ten days after the taking of such property, such treasurer, or his deputy, shall proceed to sell such prop-

erty at public vendue, or so much thereof as will be sufficient
to pay said taxes and the costs of such distress and sale. (29
v. 291, § 19; S. & C. 1586.)"

This section authorizes the distraint of goods to satisfy taxes
lawfully levied against property within the county and State.
This method of collecting taxes is one of the most ancient
known to the law, and has frequently received the sanction of
the courts. *Murray's Lessees* v. *Hoboken Land &c. Co.*, 18
How. 272, 276; *Springer* v. *United States*, 102 U. S. 586;
Cooley on Taxation, 302; *Palmer* v. *McMahon*, 133 U. S. 660.

There is nothing in the exemption of Government bonds
from taxation which prevents them from being seized for taxes
due upon unexempt property. We have held that the taxes
were lawfully assessed. The statute authorizing a distraint
gave the right to proceed against personal property within the
jurisdiction of the State. The taxes were lawful, and the
property belonging to a foreign corporation which could be
seized within the authority of the State might be taken under
this statute, and we do not perceive that any constitutional
right of the company is violated by seizing its property under
such circumstances. *Bristol* v. *Washington County*, 177 U. S.
133; *Marye* v. *Baltimore & Ohio R. R. Co.*, 127 U. S. 117.

As to the right to assess taxes for the year 1903, it appears
that these municipal bonds were withdrawn from the State
some time before the return day, which is the day preceding
the second Monday in April, and such withdrawal was in the
exercise of a lawful right of the company to do, and other
securities were substituted as provided by law. We do not
think that the fact that it had bonds in the State for a time
which were taxable justified the imposition of this tax, where
the non-taxable securities were substituted before the return
day.

As to the question of personal liability of the insurance com-
pany to judgment in an action brought to recover the amount
of the taxes, we think the court should not have issued an
injunction, as was done, against the prosecution of civil suits

for this purpose. If there is no personal liability for these taxes—a point which we do not feel called upon to decide— it is perfectly clear that if service could be had which would make a personal judgment proper, the company could set up its defense by answer in the action at law, and there is no necessity to resort to a court of equity for relief. It will be presumed, if the claim of the company is right, no personal judgment will be rendered against it, and if its theory of the controversy is correct no such judgment can be lawfully rendered. In such case the authorities are uniform that equity will not interfere by injunction, but leave the party to his defense at law. Revised Statutes of United States, § 723; *Insurance Company* v. *Bailey*, 13 Wall. 616, 623; *Grand Chute* v. *Winegar*, 15 Wall. 373; *Deweese* v. *Reinhard*, 165 U. S. 386.

Upon the whole case we reach the conclusion that the Circuit Court was right in sustaining the demurrer so far as the bill averred the non-taxability of these bonds, or the right of the treasurer to proceed by distraint, and in overruling the demurrer as to the taxes for the year 1903; but, for the reasons stated, erred in enjoining the prosecution of a civil action seeking a personal judgment.

*In this view, the decree below will be reversed and the cause remanded for further proceedings in conformity to this opinion.*