Robinson, J.
The whole subject of the taxation of bonds deposited with the insurance commission under the laws of Ohio regulating the right of for *275 eign companies to do business in Ohio was considered by the United States supreme court in the case of Scottish Union & Natl. Ins. Co. v. Bowland, 196 U. S., 611. That case was decided February 20, 1905, the court there holding that bonds deposited with the insurance commissioner, under the laws of the state regulating the right of foreign companies to do business within the state, are a part of the capital stock of the company invested in Ohio, and for the purpose of taxation are to be considered as part of the capital stock of the company and included within the statutory definition of personal property required to be returned by foreign and domestic corporations for taxation.
The court in that case had under consideration Section 2730, Bevised Statutes, now Sections 5322 to 5327, inclusive, General Code, Section 2731, Bevised Statutes, now Section 5328, General Code, Section 2734, Bevised Statutes, now Section 5370, General Code, Section 2735, Bevised Statutes, now Section 5371, General Code, Section 2744, Bevised Statutes, now Sections 5404, 5405 and 5406, General Code, Section 2745, Bevised Statutes, now Sections 5432, 5433, 5434, 5435, 5436 and 5437, General Code, Section 2746, Bevised Statutes, now Section 5372, General Code, Section 2781, Bevised Statutes, now Section 5398, General Code, Section 3593, Bevised Statutes, now Section 9346, General Code, Section 3595, Bevised Statutes, now Sections 9349 and 9350, General Code, Section 3637, Bevised Statutes, now Section 9518, General Code, and Section 3660, Bevised Statutes, now Sections 9565 and 9566 of the General Code, the cases of Falkenbach v. Patterson, Receiver, 43 Ohio St., 359, State, ex rel., v. Matthews, Supt. of Ins., 64 *276 Ohio St., 419, Hubbard, Treas., v. Brush, 61 Ohio St., 252, Lander, Treas., v. Burke, 65 Ohio St., 532, Jones, Aud., v. Davis, 35 Ohio St., 474, Lee, Treas., v. Sturges, 46 Ohio St., 153, and the character of such bonds and their situs for taxation purposes under the statutes of the state and decisions of this court.
Referring to Section 3660, Revised Statutes, that court, at page 622 of the opinion, holds: ‘ ‘ This statute, therefore, provides for the manner of investment of a portion of the capital stock of a foreign insurance company within the State of Ohio for the protection of the policyholders within the State. It is more than a mere ‘investment in bonds.’ It is also a part of the capital stock required to be deposited as a condition of doing business within the State and devoted to the benefit of local stockholders.” In the consideration of Sections 2730 and 2731, Revised Statutes, that court holds at page 624: “If these sections embrace all the statutory laws of the State, together they tax investments in bonds held by residents, because of jurisdiction over the person of the owner, and those held by residents for other owners, and if such reside out of the State, because of jurisdiction over the property held within the State.” And in considering Section 2744, Revised Statutes, and others, beginning at page 625, the court holds: ‘ ‘ This section is broad in its terms, and requires the return of the property, among others, of insurance companies, whether incorporated by the laws of Ohio or not, and such companies are required to list for taxation ‘all the personal property, which shall be held to include all such real estate as is necessary to the daily operations of the company, moneys and credits of such com *277 pany or corporation withm the State, at its actual value in money.’ * * * This section, there: fore, requires of both foreign and domestic insurance companies that they return the personal property mentioned which is within the State.' What is meant by ‘personal property,’ in this connection? Eef erring to Section 2730 we find it provided that the terms ‘personal property,’ when used in the title, shall be held to mean and include, among other things, the capital stock, undivided profits and all other means not forming a part of the capital stock of every company. * * * In the case of domestic corporations, and assuming that this statute applies, as has been held by the Supreme Court of Ohio, with equal force to foreign corporations, this definition of personal property must be held to include not only the paid-in capital stock of the company, but as well the bonds, or securities in which it may be invested. * * * While technically the bonds deposited with the insurance commissioner are investments in bonds, they are also a part of the capital stock of the company invested in Ohio, and require to be so invested for the security of do • mestic policyholders, and, for the purposes of taxation, to be considered a part of the capital stock of the company and included within the definition of ‘personal property,’ as given in section 2730. * * * Section 2731, standing alone, might limit the right to tax investments in bonds to residents of the State. It is certainly enlarged by section 2730 to include such investments when held for others by residents within the State. Eead with sections 2734, 2735, 2744 and 2746, we think the purpose is manifest to require the return and taxation' of all per *278 sonal property, except the small exemptions allowed, within the jurisdiction of the State. * * * We think it is the duty of the officers of the insurance company, under section 2744, to return the property, and that the place to return it is where the property is situated. This is clearly required by the terms of this section, and section 2735, making provision for the place of listing personal property, provides: ‘And all other personal property, moneys, credits, and investments, except as otherwise specially provided, shall be listed in the township, city, or village in which the person to be charged with taxes thereon may reside at the time of the listing thereof if such person reside within the county where the same are listed, and if not, then in the township, city, or village where the property is when listed”
It will thus be seen that by the decision of the court of last resort, prior to the amendment to Section 2745, Eevised Statutes (95 Ohio Laws, 290), the settled law of Ohio made bonds of foreign insurance companies, deposited with the state insurance commissioner for the benefit of the policyholders, a part of the capital of the foreign insurance company, to be considered as personal property located in Ohio, and fixed its situs for taxation at the place where the bonds were located.
The amendment to Section 2745, Eevised Statutes, passed April 29, 1902, in so far as pertinent to this case reads: “Insurance companies and associations, incorporated by the authority of another state or government or the superintendent of insurance, shall not not be required to make returns of deposits of such companies or associations, made as required by law with such superintendent of insurance for *279 the benefit and security of policyholders, and shall not be governed, in respect to such deposits, by the provisions of section 2744, or of section 2734 of the Revised Statutes of Ohio.”
This section was carried into the General Code of 1910 as Section 5437, in the following form:
“Neither insurance companies and associations, incorporated, by the authority of another state or government nor the superintendent of insurance, shall be required to make returns for taxation of the deposits of such companies or associations, made as required by law, with the superintendent of insurance, for the benefit and security of policyholders; nor be governed with respect of such deposits, by the provisions of law relating to the listing of personal property or to the making of tax returns by corporations.”
The amendment to Section 2745, Revised Statutes, was enacted during pendency of the case Scottish Union & Natl. Ins. Co. v. Bowland, supra, and was not considered in that case.
Does the language, “Insurance companies * * * shall not be required to make returns of deposits * * * and shall not be governed, in respect to such deposits, by the provisions of section 2744, or of section 2734 of the Revised Statutes of Ohio,” warrant a construction which makes it solely situsfixing as distinguished from a construction which makes it an exemption?
Sections 2744 and 2734, Revised Statutes, were in part at least situs-fixing statutes, but were applicable alike to every kind of corporation, company, and person, and no attempt was made by Section 2745, Revised Statutes, to repeal those sections, but for *280 eigrt insurance companies were specifically excepted from obligation thereunder.
It is worthy of note, however, that in the enumeration of sections from the operation of which foreign insurance companies were exempted, Section 2731, Revised Statutes, was not included. That section read: “All property whether real or personal in this state, and whether belonging to individuals or cotporations; and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state, shall be subject to taxation, except only such as may be expressly exempted therefrom.” It embraces all real and personal property in this state wherever the owner of the property resides, and then provides for the taxation of moneys, etc., wherever located, of persons residing within the state; and, independent of Sections 2744 and 2734, Revised Statutes, this section sufficiently fixed the situs of the personal property in question in this case to authorize its listing for taxation in Franklin county prior to the codification of Section 2745, Revised Statutes, into Section 5437, General Code. Assuming that the specific withdrawal of foreign insurance companies from the operation of Sections 2744 and 2734, Revised Statutes, by Section 2745, Revised Statutes,- was tantamount to a declaration that the situs of such property was no longer fixed within the state, and was effective to take foreign insurance companies out of the operation of those sections of the statute, the provisions of Section 2731, Revised Statutes, were still effective to require the listing of such property, unless the language “neither insurance companies * * * nor * * * shall be required to make returns for tax *281 ation of the deposits” was effective to relieve them from such obligation. '
This language might well he construed to exempt foreign insurance companies from obligation to make such returns, under any and all provisions of the Ohio statutes, hut how could this language he distorted into a legislative declaration of the situs of the particular property here under consideration or of the situs of any property?
If it be assumed, without endorsing such assumption, that the legislature has the power to relieve certain corporations or individuals from the burdens of taxation by legislative-declaration that the situs of certain kinds of personal property is not at a certain locality, such assumption is not decisive of this case, for whatever may he said of that portion of Section 2745, Revised Statutes, which specifically excepted foreign insurance companies from the operation of Sections 2744 and 2734, Revised Statutes, no interpretation of the words, “Insurance companies * * * shall not he required to make returns of deposits,” could he justified which would give to that language any other effect than a specific exemption of foreign insurance companies from all obligation to return for taxation the deposits made with the state.
Section 5437, General Code, furnishes even less basis for the argument that it is a situs-fixing statute, for it makes no pretense to withdraw foreign insurance companies from the operation of specific statutes which might be construed as situs-fixing statutes, but attempts to lift the particular personal property within the state, here under consideration, from the operation of all statutory laws by this *282 blanket provision, “nor be governed with respect to such deposits, by the provisions of law relating to the listing of personal property or to the making of tax returns by corporations.”
Becognizing as we do the obligation of courts to so construe statutes as to sustain their constitutionality, where possible, yet that obligation does not go to the extent of requiring the court to put upon plain unambiguous language a strained and artificial interpretation to the end that the constitutionality of the law may be sustained.
The legislature in present Section 5437, General Code, aptly and exactly states that “Neither insurance companies * * * nor the superintendent of insurance, shall be required to make returns for taxation of the deposits,” etc., “nor be governed with respect to such deposits, by the provisions of law.” The use of the word “exempt” in this section would not make the purpose and intention of the legislature more apparent.
Had the legislature the power to make such exemptions ?
Section 2, Article XII of the Constitution, reads: “Laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise, and also all real and personal property according to its true value in money.” A law which exempts a portion of the personal property of certain corporations from taxation and does not exempt the personal property of all other corporations and individuals similarly situated does not tax by uniform rule.
The defendant in error in addition to offering the argument that the constitutionality of Section 5437, *283 General Code, should be sustained as a situs-fixing statute contends that if it cannot be so sustained it should be sustained “as a part of the special method of taxation of foreign insurance companies by which the two and a half per cent, tax on gross premiums is accepted in commutation for a property tax on these deposits.”
This proposition was also answered in the case of Scottish Union & Natl. Ins. Co. v. Bowland, supra, at page 630, in the following language:
“Examination of this section [2745, Revised Statutes] shows that it imposes a tax upon the business of the company in Ohio, and is not a property but a privilege tax. An insurance company is required to return in each county the amount of the gross premium receipts of its agency for the previous calendar year, and under certain regulations the company is taxed upon the amount of business done.
“This section does not levy a tax upon property.”
It is also contended by the defendant in error that the constitutionality of Section 5437, General Code, can be sustained “asa part of the regulatory scheme adopted by the legislature, prescribing the terms and conditions under which a foreign insurance company may be admitted to do business in. this state.”
The quotation last above from the decision in Scottish Union & Natl. Ins. Co. v. Bowland, supra, would seem to answer this as well as the second contention. Indeed, if the legislature has the power to classify property so as to tax one class upon its gross earnings and exempt its property from other taxation, and to tax another class upon its property alone, regardless of its earnings, then there is no *284 occasion for the perennial agitation for a constitutional amendment authorizing the legislature to classify property for taxation purposes; for such a system of taxation necessarily involves a classification for taxation purposes.
Section 5437, General Code, contravenes the provision of Section 2, Article XII of the Constitution, and is void.
The judgment of the court of appeals mil be reversed.

Judgment reversed.

Marshall, C. J., Hough, Wanamaker, Jones, Matthias and Clark, JJ., concur.