PEOPLE v WILLEY

Docket No. 44990. Submitted December 3, 1980, at Grand Rapids.—
Decided February 3, 1981. Leave to appeal applied for.

Julie A. Willey was convicted of voluntary manslaughter follow-
ing a jury trial in Isabella Circuit Court, Robert H. Campbell,
J. At the trial the prosecution was permitted to enter into
evidence exerpts from defendant's personal diaries. The diaries
had been discovered by relatives of the deceased while cleaning
the house previously occupied by the defendant and the de-
ceased. These relatives, after reading through the diaries and
determining that they contained material which might be of
interest to the authorities, took the diaries to the prosecutor's
office and pointed out passages in the diaries in which the
defendant expressed hatred for the deceased. Defendant moved
to suppress the admission into evidence of those diaries. The
trial court denied the motion to suppress. Defendant appeals,
arguing that the admission into evidence of excerpts from those
diaries violated her right against unreasonable searches and
seizures and her right against self-incrimination as protected
by both the state and Federal constitutions. Held:

1. Evidence resulting from searches and seizures made by
private citizens are not subject to the exclusionary rule flowing
from the constitutional prohibition against unreasonable
searches and seizures where such private citizens are neither
encouraged nor authorized by governmental officials to under-
take their search and seizure. The trial court, therefore, prop-
erly refused to suppress the admission into evidence of excerpts
from the diaries, since there was no constitutionally impermis-
sible search and seizure by governmental officials.

2. The admission into evidence of defendant's diaries did not
violate the defendant's constitutional privilege against self-in-
crimination.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures § 13.
[2] 21 Am Jur 2d, Criminal Law § 355.
  29 Am Jur 2d, Evidence § 869.
  81 Am Jur 2d, Witnesses § 44.

1. SEARCHES AND SEIZURES — RESTRAINTS — PRIVATE INDIVIDUALS —
   CONSTITUTIONAL LAW.
   The constitutional restraints relative to unreasonable searches
   and seizures do not extend to a seizure made by private citizens
   where such persons are neither encouraged nor authorized by
   governmental officers to undertake such a search and seizure
   (US Const, Am V, Const 1963, art 1, § 11).

2. CONSTITUTIONAL LAW — CRIMINAL LAW — EVIDENCE — SELF-IN-
   CRIMINATION — PERSONAL DIARY OF DEFENDANT.
   The admission into evidence of the personal diary of a criminal
   defendant does not violate the defendant's constitutional privi-
   lege against self-incrimination (US Const, Am V, Const 1963,
   art 1, § 17).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph T. Barberi,* Prosecuting Attorney (by *Mary C. Smith,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*James Krogsrud,* Assistant State Appellate Defender, and *John Nussbaumer,* Research Attorney, for defendant on appeal.

Before: R. B. BURNS, P.J., and MAHER and J. T. KALLMAN,* JJ.

R. B. BURNS, P.J. Defendant was convicted by a jury of voluntary manslaughter, MCL 750.321; MSA 28.553. There is no doubt that the defendant shot her husband and that he died from loss of blood due to the wound. Defendant claims that the trial court erred by allowing the prosecutor to enter into evidence excerpts from her personal diaries.

The first issue raised by defendant is that the people conducted an unreasonable search and seizure of the diaries in violation of the Fourth

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Amendment to the United States Constitution and Const 1963, art 1, § 11. The facts brought out at the hearing on the motion to suppress the diaries refute this claim.

Approximately one week after the shooting, relatives of the deceased were cleaning the home previously occupied by defendant and the deceased, and they discovered the diaries. They glanced through them, and they believed that there was material in the diaries that the authorities should know about. The deceased's sister took the diaries to the prosecutor's office and pointed out certain sections in the diaries wherein defendant expressed hatred for the deceased. Detective Sergeant Morris Vincent testified that it was his impression that the deceased's sister had gone through the diaries quite extensively before turning them over to the prosecutor.

The Fourth Amendment to the United States Constitution and Const 1963, art 1, § 11 protect persons from unreasonable searches and seizures. However, this protection is not applicable when the activity is conducted by private parties. *People v Langley,* 63 Mich App 339; 234 NW2d 513 (1975). Where the police neither encourage nor authorize a private citizen to seize evidence, that evidence may be used in a trial whether or not the search was unreasonable. *People v Holloway,* 82 Mich App 629; 267 NW2d 454 (1978). Defendant's rights were not violated by the trial court's admitting the diary excerpts into evidence.

Next defendant claims that the introduction of the diary excerpts into evidence violated her rights under the Fifth Amendment to the United States Constitution and Const 1963, art 1, § 17, which provide that no person shall be compelled in any criminal case to be a witness against himself. In

this case, as in *Andresen v Maryland,* 427 US 263; 96 S Ct 2737; 49 L Ed 627 (1976), defendant was not compelled to testify against herself. She voluntarily wrote in the diaries and the diaries were handed over to the authorities by third parties. Defendant's rights were not violated.

Lastly, defendant's appellate counsel uses a shotgun approach and claims a multitude of errors in the prosecutor's conduct of cross-examination and rebuttal. The instances of conduct complained of on appeal were either not objected to by trial counsel, not improper in light of the defense asserted, or not of such a nature as to amount to reversible error.

Affirmed.